# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-2073
Filed June 24, 2026

———————————

**In the Interest of J.T., Minor Child,**

**K.T., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Muscatine County,
The Honorable Gary P. Strausser, Judge.

———————————

**AFFIRMED**

———————————

Larry J. Brock, Washington, attorney for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Jean Pfeiffer, Muscatine, attorney and guardian ad litem for minor child.

———————————

Considered without oral argument
by Chicchelly, P.J., Buller, J., and Bower, S.J.
Opinion by Chicchelly, P. J.

**CHICCHELLY, Presiding Judge.**

A mother[1] appeals the termination of her parental rights to J.T., born in 2023. She argues the juvenile court erred when it declined to grant her a six-month extension to work towards reunification instead of terminating her parental rights. Upon our review, we affirm the juvenile court's termination of the mother's parental rights.

## BACKGROUND FACTS AND PROCEEDINGS

The family came to the attention of the Iowa Department of Health and Human Services (HHS) in October 2023. The child had been born prematurely and spent the first month of his life in the neonatal intensive care unit. The child had breathing problems, high blood pressure, and a hole in his heart. After being released from the hospital, the child was not taken to follow-up medical appointments. HHS initiated a child protective assessment.

The mother admitted she had not taken the child to follow-up medical appointments. She cited changing her phone number, forgetting to make the appointments, and a lack of reliable transportation as reasons for missing the appointments. HHS had additional concerns with the mother's care, including co-sleeping with the child who has breathing problems. The investigation resulted in a founded child protective assessment for failure to provide adequate medical care, and the mother agreed to a safety plan.

HHS later became aware of additional concerns regarding the mother's treatment of the child. They received allegations that the mother screamed and cursed at the child when he cried. When HHS confronted the

---

[1] The father's parental rights were also terminated, but he is not a party to this appeal.

mother about these allegations, she admitted to doing so. The safety plan was then amended to require the child's grandmother to reside with them and supervise interactions between the mother and child. But the mother objected to this option, instead preferring that the child be placed outside the home. So, the mother signed a voluntary placement agreement, and the child was placed in foster care.

In November 2023, the State filed a petition alleging the child to be a child in need of assistance (CINA). The State alleged grounds under Iowa Code section 232.96A(2), (3)(b), (5), (11), and (14). At the adjudication hearing, the juvenile court found J.T. to be a CINA under all grounds alleged by the State. The mother and father of the child were required to participate in services and random drug testing.

As of September 2024, the father was participating in services, but the mother's participation was inconsistent. The juvenile court confirmed its CINA adjudication and expressed concern about the mother's demonstration of her ability to provide for the child's basic needs. By November, the father's participation in services had stopped. Meanwhile, the mother's participation in services had increased, but the juvenile court characterized her participation as inconsistent. Additionally, the mother refused to address her mental health concerns.

In February 2025, due to this lack of progress, the State filed a petition to terminate the mother and father's parental rights. It alleged grounds for termination under Iowa Code section 232.116(1)(e), (g), and (h) (2025) as to both parents. Additionally, the State alleged grounds under section 232.116(1)(i) as to the mother. At the termination hearing, the mother requested a six-month extension in lieu of termination of her parental rights.

The juvenile court denied that request and terminated the mother's parental rights under section 232.116(1)(g) and (h).  The mother appeals.

## STANDARD OF REVIEW

We review termination-of-parental-rights proceedings de novo.  *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020) (per curiam); *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  We give weight to the juvenile court's factual findings, especially regarding witness credibility, but we are not bound by them.  *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018).  The paramount concern in a termination proceeding is the child's best interests.  *Id.*

## DISCUSSION

Our review follows a three-step analysis.  *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).  First, we consider whether statutory grounds for termination of the parent's rights exist under Iowa Code section 232.116(1).  *Id.*  Second, we consider whether termination of the parent's rights is in the child's best interests.  *Id.*  Third, we consider whether any of the exceptions to termination should be applied.  *Id.*  But when the parent does not raise a claim relating to any of the three steps, we need not address that step and instead limit our review to the specific claims presented.  *See id.* at 40 (recognizing we need not consider a step the parent does not challenge).  Because the mother's sole argument on appeal is that the juvenile court should have granted her a six-month extension in lieu of terminating her parental rights, we confine our review to that issue.  However, we note that upon our review we find the State has met its burden to prove the grounds for termination and that termination was in the child's best interests.

To grant a six-month extension, the juvenile court must be able to "enumerate the specific factors, conditions, or expected behavioral changes"

providing a basis to determine the children will be able to return to the parent at the end of the additional six months. Iowa Code § 232.104(2)(b). The burden is not on the State to prove an extension is not appropriate, as the mother asserts. Rather, the court needs evidence to support a finding that the mother would be able to care for the children within six months. "The judge considering [an extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (citation omitted).

The State contends that the mother's petition fails to adequately set forth an argument from which we could decide the issues presented without engaging in advocacy ourselves. The State emphasizes that the mother "has not challenged any specific facts asserted" and "has not addressed how the cited authority as applied to the facts of her case would demonstrate the need for removal would no longer exist if she was granted additional time." We tend to agree with these observations. However, assuming without deciding that the mother adequately briefed the six-month-extension issue, we proceed to the merits.

Upon our de novo review of the record, we find that a six-month extension is not warranted. The mother made very limited progress towards reunification and did not meaningfully address her failure to provide adequate care for the child when he was in her custody. "Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable." *In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) (citation omitted). As the juvenile court noted, the mother has not attended any of the child's medical appointments or therapy sessions and is not aware of the child's needs in those regards or how to meet those needs. Among other

concerning behaviors are the mother questioning whether the child ate baby food when he was twenty months old and her refusal to maintain compliance with medication for her own mental-health needs. We acknowledge that the mother made some progress in participating with HHS during the last few months before termination, but our court has consistently held that last-minute changes do not warrant six-month extensions. *See* In re L.A., 20 N.W.3d 529, 536 (Iowa Ct. App. 2025) (en banc) (collecting cases where "eleventh hour" efforts did not warrant an extension). The mother has not demonstrated her ability to be a responsible parent for the child enough to deny him permanency. Accordingly, we affirm the juvenile court's decision not to grant a six-month extension.

**AFFIRMED.**